948 F.2d 1290
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Reginald SAMUELS, Petitioner-Appellant,
v.
John W. HAWLEY, Warden, Marquette Branch Prison, Respondent-Appellee.
 No. 91-1704.
 United States Court of Appeals, Sixth Circuit.
 Nov. 20, 1991.
 
 W.D.Mich., No. 89-00329; Hillman, D.J.
 W.D.Mich.
 AFFIRMED.
 Before: MILBURN and RALPH B. GUY, JR., Circuit Judges, and GRAHAM, District Judge.*
 ORDER
 Reginald Samuels, pro se Michigan prisoner, appeals the district court's dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 In October 1983, Samuels was convicted by a jury of armed robbery and assault with intent to do great bodily harm for which he received a natural life prison sentence for the armed robbery and a concurrent sentence of 6-10 years for the assault charge. On the same day of sentencing, he also pleaded guilty to an outstanding murder charge for which he was sentenced to a second natural life term of imprisonment.
 Samuels filed an appeal of the convictions to the Michigan Court of Appeals which ultimately affirmed both convictions. The Michigan Supreme Court denied leave to appeal.
 Fifteen years later, in April 1988, Samuels filed a delayed motion for resentencing in the Michigan trial court raising the four issues he has asserted in his habeas corpus action. The trial court denied his motion. Both the Michigan Court of Appeals and the Michigan Supreme Court denied discretionary review.
 Samuels then filed his habeas corpus action raising the same four grounds which he belatedly raised in the state courts. He alleged that: (1) the trial court erred by considering his constitutionally invalid prior juvenile convictions in sentencing him (at which proceedings he was not represented by counsel); (2) that the trial judge erred by discussing Samuels's presentence report with his attorney in his absence; (3) that his trial counsel was ineffective based on these two above-mentioned constitutional errors; and (4) that his appellate counsel was ineffective because he did not raise the above-mentioned errors at the time of his direct criminal appeal.
 The magistrate judge recommended denying his habeas petition. After considering Samuels's first two claims, the magistrate judge found under the doctrine of "adequate and independent state grounds" in Wainwright v. Sykes, 433 U.S. 72 (1977), that, as the state court so found, Samuels had committed a procedural default by failing to assert his four issues in his initial direct criminal appeal. The magistrate judge further found that Samuels failed to show cause and prejudice to excuse the default, and that no fundamental miscarriage of justice would result if the court refused to consider his federal claims. He also found that Samuels's trial and appellate counsels had rendered effective assistance.
 
 
 1
 The magistrate judge put Samuels on notice that objections to his report had to be filed within ten days of its receipt and failure to object within the specified time would waive his right to appeal the district court's order. The magistrate judge's report was filed on March 22, 1991. On April 30, 1991, after noting that no objections had been filed, the district court judge accepted and adopted the report and recommendation of the magistrate judge and dismissed Samuels's petition.
 
 
 2
 On appeal, Samuels reasserts his four claims for relief. He requests leave to proceed in forma pauperis, the appointment of counsel and a transcript at government expense. He also filed a motion for "permission to appeal" which has been construed as a motion to excuse his failure to file timely objections to the magistrate judge's report and recommendation.
 
 
 3
 Upon review, we affirm the district court's judgment. Samuels did not file timely objections to the magistrate judge's report and recommendation and he has not given an adequate explanation why timely objections were not filed. Under these circumstances, we conclude that Samuels has waived appellate review of his claims. See Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981).
 
 
 4
 Accordingly, all pending motions filed by Samuels are denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James L. Graham, U.S. District Judge for the Southern District of Ohio, sitting by designation